IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMIE LYNN BAILEY,

    Petitioner,

v.                                                                               No. 1:18-cv-02169-JDB-jay

GEORGIA CROWELL,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING CLAIM WITHOUT PREJUDICE,
TRANSFERRING REMAINING CLAIMS TO COURT OF APPEALS
AS A SECOND OR SUCCESSIVE PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Jamie Lynn Bailey, has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254 (Docket Entry ("D.E.") 1), as well as a document asserting supplemental claims (the "Supplemental Claims") (D.E. 7).[1] The Petition and the Supplemental Claims are before the Court for preliminary review.[2]

---

[1] The Supplemental Claims were first presented on May 3, 2018, in a 42 U.S.C. § 1983 complaint form filed in the United States District Court for the Eastern District of Tennessee, Greeneville Division. (*Bailey v. Lee*, No. 2:18-cv-00071-RLJ-MCLC, D.E. 2 (E.D. Tenn.).) The complaint was docketed as a petition for habeas corpus under 28 U.S.C. § 2254. (*Id.*) On May 7, 2018, the Honorable R. Leon Jordan directed that the case be transferred to the United States District Court for the Western District of Tennessee, Eastern Division. (*Id.*, D.E. 4.) The petition in that case was then docketed in this district as the case-initiating pleading in *Bailey v. Lee*, No. 1:18-cv-01083-JDB-egb, D.E. 2 (W.D. Tenn.). This Court subsequently directed the Clerk of Court to file the petition in that case as the Supplemental Claims in the present case. (*See id.* at D.E. 7.)

[2] The Clerk is DIRECTED to substitute Georgia Crowell for Randy Lee as Respondent. *See* Fed. R. Civ. P. 25(d).

In Claim 1, the inmate seeks to have his Tennessee conviction for first degree murder vacated on the ground that he was "incompetent to stand trial due to retrograde amnesia."[3] (D.E. 1 at PageID 4 (corrected for irregular capitalization).) He alleges in Claim 2 that he "was indicted on and/or for three counts of 'First Degree Murder,' but . . . [he] was supposed to have been indicted for and/or one count of 'First Degree Murder,' and two counts of 'Felony Murder.'" (D.E. 7 at PageID 32 (corrected for irregular capitalization).) In Claim 3, he insists that his "current 'Release Eligibility Date,' is April 15, 2055, whereas, it should be two years earlier, according to [the] sentencing sheets from the Court that [he] was convicted in" ("Claim 3"). (*Id.*) The Court will address the claims in reverse order.

I. Claim 3

Although not entirely clear from the face of Claim 3, Petitioner appears to be challenging the state prison authorities' calculation of his release date, which would be in the nature of a claim brought pursuant to 28 U.S.C. § 2241. *See Collins v. Million*, 121 F. App'x 628, 630–31 (6th Cir. 2005). But regardless of whether the claim is properly brought under § 2241 or § 2254, it must be dismissed for Bailey's failure to exhaust his state remedies. *See id.* at 630–31 (holding that both § 2241 or § 2254 require exhaustion of state remedies, and declining to decide which statute governed state prisoner's claim because he failed to exhaust) (citing *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001) and 28 U.S.C. § 2254(b)(1)(A).)

---

[3] A thorough discussion of Petitioner's state court proceedings is found in this Court's order denying his first § 2254 petition. *See Bailey v. Donahue*, No. 1:12-cv-01174-JDB-egb ("No. 12-cv-01174"), D.E. 11 at PageID 941–44 (W.D. Tenn.).

The form used by the inmate to assert Claim 3 asked whether he had presented the claim through the prison grievance procedure, and he answered "No." (D.E. 7 at PageID 30.) Having conceded that he has not exhausted his state remedies, the Claim is not properly before this Court. Accordingly, Claim 3 is DISMISSED without prejudice.

II.  Claims 1 and 2

A petitioner who files a second or successive petition must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Bailey filed a § 2254 habeas corpus petition in this Court in 2012, challenging his first degree murder convictions (the "2012 petition"). (*See* No. 12-cv-01174, D.E. 1.) This Court dismissed the 2012 petition as untimely. (*Id.* at D.E. 11.)

A dismissal on statute of limitations grounds constitutes a decision on the merits, thus rendering a later-filed challenge to the same conviction a second or successive petition. *Smith v. Burt*, No. 1:18-CV-402, 2018 WL 2948024, at *3 (W.D. Mich. June 13, 2018) (citing *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("[A] dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *cf.*, *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (a dismissal with prejudice based on a procedural default is a decision "on the merits" for purposes of § 2244(b)(3)). Claims 1 and 2, which challenge the same convictions that were the subject of the 2012 petition, therefore constitute a second or successive petition.

Because Petitioner has not sought permission from the Sixth Circuit to file a second or successive petition, the claims are TRANSFERRED to the Sixth Circuit for authorization.

3

APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss Claim 3 without prejudice. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 9th day of April, 2019.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.